IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICO RENALDO READY, | ) | |
| | ) | |
| Petitioner,[1] | ) | |
| | ) | |
| v. | ) | CV 114-066 |
| | ) | |
| CHESTER HUFFMAN, Captain, and | ) | |
| LT. FNU ELIM, | ) | |
| | ) | |
| Respondents. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner, an inmate at Charles B. Webster Detention Center ("CBW") in Augusta,

Georgia, is proceeding *pro se* in the above-captioned case and seeks to proceed *in forma pauperis*

("IFP"). (Doc. nos. 1, 2.) For the reasons set forth below, the Court **REPORTS and**

**RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2),

this petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

## I. BACKGROUND

Petitioner seeks release from CBW, alleging that when he attended court in late January

for a probation violation, the judge told him that if he presented his driver's license to the

probation office his probation and fine would be terminated. (Doc. no. 1, p. 5.) Petitioner

remains at CBW despite his understanding that he should have been released following another

hearing on February 3, 2014. (Id.)

_____

[1]Because Petitioner submitted a "Form To Be Used By Prisoners in Filing a
Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," the Clerk of Court docketed the
case as a civil rights case brought pursuant to § 1983. However, because Petitioner actually
seeks habeas corpus relief, the Court **DIRECTS** the **CLERK** to correct the caption of the
case to reflect petitioner and respondents; the "complaint" should also be docketed as a
"petition."

The petition is confusing because Petitioner appears to be discussing two different cases for which he made appearances at two different times, and it is unclear which case Petitioner is challenging. Public records maintained on the website for the City of Augusta, Georgia, confirm that there were actions in two cases involving Petitioner during the timeframe involved in his petition. First, on January 31, 2014, in case number 2010RCMC09396, the court revoked probation in a case in which Petitioner had pled guilty to driving with a suspended or revoked license and pled *nolo contendere* to a violation of brake lights or turn signals. See http://www.augustaga.gov/421/Case-Management-Search (click "Yes I Agree," then select "Criminal Search" and search case number "2010RCMC09396") (last visited Apr. 24, 2014). Second, again on January 31, 2014, in case number 2011RCMC05857, the court terminated probation in a case in which Petitioner had pled guilty to driving with a suspended or revoked license. See http://www.augustaga.gov/421/Case-Management-Search (click "Yes I Agree," then select "Criminal Search" and search case number "2011RCMC05857") (last visited Apr. 24, 2014). Because his probation was terminated in case number 2011RCMC05857, revocation of the term of probation in 2010RCMC09396 appears to be the reason for the continued incarceration about which he now complains. (Doc. no. 1, p. 5.)

II.     DISCUSSION

        A.      Nature of the Petition.

        District courts have an obligation to look behind the label of a pro se inmate's motion to determine whether the motion is "cognizable under a different remedial statutory framework." United States v. Mercado, CR295-06, 2011 WL 2446389, at *1 (S.D. Ga. May 16, 2011) *report and recommendation adopted*, CR295-06, 2011 WL 2447283 (S.D. Ga. June 15, 2011) (citing United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990)). Although the form that

Petitioner utilized to state his claim bears the title of a civil action under 42 U.S.C. § 1983, the filing is obviously a habeas petition because he seeks immediate release from CBW.

Therefore, the Court hereby construes the filing as being a habeas corpus petition instead, although it is unclear whether Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 or 28 U.S.C. § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 499, n. 14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus"); Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead.").[2]

### B.    Petitioner Has Not Exhausted His State Remedies.

Regardless of whether Petitioner seeks relief under § 2241 or § 2254, he must first exhaust his claims in the state courts before they can be heard in federal court. The petition is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v.

---

[2]The Court reviews the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2243. Under Rule 4, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases. Under § 2243, the Court must determine whether "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks. 28 U.S.C. § 2243.

Boerckel, 526 U.S. 838, 842 (1999).  Petitions brought under § 2241 are also subject to the restrictions imposed by § 2254.  Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003).

At this time, Petitioner has not alleged any facts indicating that the claim presented here has ever been raised in the state courts, either on direct appeal or in a collateral proceeding. Petitioner has therefore failed to demonstrate exhaustion.  28 U.S.C. § 2254(c); O'Sullivan, 526 U.S. at 842.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS and RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), this petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of April, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA